J. Andrew Sjoblom, #10860
Steven M. Lau, #13788
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: 801-799-5800
Fax: 801-799-5700

*Attorneys for Plaintiff Sierra Nevada Corporation*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **SIERRA NEVADA CORPORATION,** | **COMPLAINT** |
| Plaintiff, | |
| vs. | Case No. 2:11cv01092 |
| **AEROMECHANICAL SERVICES, LTD.,** | Judge Dee Benson |
| Defendant. | |

Plaintiff Sierra Nevada Corporation, by and through its counsel, hereby alleges as follows:

## PARTIES

1.      Sierra Nevada Corporation ("SNC") is a Nevada corporation with its principal place of business in Nevada.

2.      AeroMechanical Services, Ltd. ("AMS") is a Canadian corporation with its principal place of business in Calgary, Alberta, Canada.

## JURISDICTION AND VENUE

3.      This Court has personal jurisdiction over AMS, which has purposefully availed itself of the laws of the State of Utah.  AMS personnel, including officers and/or directors of AMS, frequently visited SNC's facilities in Salt Lake City, Utah, in connection with the subject matter of this Complaint.

4.      This Court has diversity jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1332 and the amount in controversy exceeds the sum of $75,000.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to this Complaint occurred in Utah, where AMS is also subject to personal jurisdiction.

## GENERAL ALLEGATIONS

6.      SNC is a high-tech electronics, engineering, and manufacturing company with various lines of business, including aerospace technology.

7.      AMS is an aerospace engineering company that markets real-time automated flight data recording and transmission technology principally for use in military and commercial aircraft.

8.      On or about December 29, 2008, SNC and AMS entered into a five year licensing and manufacturing agreement (the "License and Manufacturing Agreement"), pursuant to which SNC agreed to develop jointly with AMS "AFIRS 228," an automatic flight information collection and reporting system for use in the aerospace industry that automatically collects and transmits various real-time flight information to aircraft operators' facilities.  Under the License

and Manufacturing Agreement, SNC was granted an exclusive license to manufacture the finished product.

## SNC's and AMS's Contracts for Software Development

9.      In early 2010, AMS engaged SNC, separate and apart from the License and Manufacture Agreement, to provide software development services that fell outside the scope of the License and Manufacture Agreement.

10.     AMS agreed to pay for SNC's software development services on a time and materials basis (the "T/M Agreement").

11.     As part of its performance under the T/M Agreement, SNC developed and provided AMS with valuable software source code for AFIRS 228.

## AMS's Failure to Pay Invoices Due Under the T/M Agreement

12.     SNC performed services throughout 2010 and early 2011 under the T/M Agreement.  During that time it billed AMS by sending it monthly invoices.  Pursuant to the T/M Agreement, invoices were due and payable within 30 days.

13.     Despite numerous requests for payment and discussions regarding non-payment, AMS has failed to fully pay amounts owing under the invoices.

14.     AMS has failed to pay at least $2,042,000 owing under numerous invoices for services performed by SNC under the T/M Agreement.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

15.     SNC incorporates the foregoing paragraphs as if fully set forth herein.

16.     SNC and AMS entered into a valid, enforceable and binding contract with AMS to provide software development services on a time and materials basis for AFIRS 228.  The

-3-

T/M Agreement is separate and distinct from the License and Manufacturing Agreement, and both SNC and AMS had different obligations under those agreements.

17.     SNC has fully performed under the T/M Agreement by providing the required software development services and furnishing source code to AMS for AFIRS 228.

18.     AMS has breached the T/M Agreement by failing to pay SNC all amounts due SNC under the T/M Agreement, as reflected in invoices sent to AMS.

19.     AMS has failed to pay SNC at least $2,042,000 under the T/M Agreement. Therefore, AMS's breach has caused SNC at least $2,042,000 in damages for unpaid services rendered, plus interest.

## SECOND CAUSE OF ACTION
### (Account Stated)

20.     SNC incorporates the foregoing paragraphs as if fully set forth herein.

21.     An account was stated in written invoices by and from SNC to AMS, on which account a balance of at least $2,042,000 is due to SNC from AMS for services rendered.

22.     AMS never objected to these invoices and, although SNC has demanded that AMS pay amounts due under the invoices, AMS has failed and refuses to pay.

23.     There is now past due, owing, and unpaid from AMS to SNC the sum of at least $2,042,000.

## THIRD CAUSE OF ACTION
### (Open Account)

24.     SNC incorporates the foregoing paragraphs as if fully set forth herein.

25.     SNC provided services to AMS and provided invoices to AMS reflecting the agreed upon price(s) for such services.

-4-

26.     To date, the subject invoices remain unpaid, despite the fact that AMS received the services and invoices without objection and the amounts charged for such services were agreed upon by the parties and/or reflected the reasonable value of the services provided to AMS by SNC.

### FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

27.     SNC incorporates the foregoing paragraphs as if fully set forth herein.

28.      SNC has furnished services and source code to AMS related to the AFIRS 228 project for which AMS has failed to pay.

29.     SNC furnished services and source code related to the AFIRS 228 project with AMS's knowledge and appreciation of the benefit provided.

30.     AMS would be unjustly enriched if it were permitted to retain the benefit of the services and source code without paying the full value for such work.

31.     The reasonable value of the services and source code furnished AMS shall be established at trial, but is not less than $2,042,000.

### FIFTH CAUSE OF ACTION
### (Declaratory Relief)

32.     SNC incorporates paragraphs 1 through 8 as if fully set forth herein.

33.     An existing and actual controversy within this Court's jurisdiction exists between SNC and AMS concerning SNC's performance under the License and Manufacture Agreement.

34.     SNC maintains that it complied with all of its obligations under the License and Manufacture Agreement.  AMS, on the other hand, has recently taken the position in response to

SNC's demands for payment under the T/M Agreement that SNC breached its obligations under the License and Manufacture Agreement in various ways.

35.     Therefore, SNC seeks a declaration under 28 U.S.C. § 2201 that it has complied with all of its obligations under the License and Manufacture Agreement and has not breached that agreement.

## PRAYER FOR RELIEF

WHEREFORE, SNC respectfully prays that this Court enter judgment for SNC and against AMS as follows:

1.      For damages in an amount not less than $2,042,000;

2.      For prejudgment interest;

3.      For SNC's costs of suit;

4.      For attorneys' fees as available under contract or applicable law; and

5.      For any additional and further relief that the Court deems just and reasonable.

## JURY DEMAND

SNC hereby requests a trial by jury on any and all issues so triable by right.

Dated:  November 30, 2011.

Respectfully submitted,

HOLLAND & HART LLP

/s/ J. Andrew Sjoblom
J. Andrew Sjoblom
Steven M. Lau
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101

**_Attorneys for Plaintiff Sierra Nevada Corporation_**

Plaintiff's Address:

AeroMechanical Services, Ltd.
1144-29th Ave. NE – Suite 200W
Calgary, AB T2E 7P1

5327287_1.DOCX