Stephen E. W. Hale (5285)
Matthew J. Ball (9414)
PARR BROWN GEE & LOVELESS, P.C.
185 South State Street, Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7840

*Attorneys for Defendant Aeromechanical Services, Ltd.*

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SIERRA NEVADA CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>AEROMECHANICAL SERVICES, LTD.,<br><br>Defendant. | **ANSWER & COUNTERCLAIM**<br><br>Civil No. 2:11cv01092<br><br>Judge Dee Benson |

Defendant AeroMechnical Services, Ltd. ("AMS") hereby answers and responds to the Complaint filed in the above-captioned action by plaintiff Sierra Nevada Corporation ("SNC") and admits, denies and alleges as follows:

**FIRST DEFENSE**

SNC's Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

AMS responds to the allegations contained in the numbered paragraphs of SNC's Complaint as follows:

**Parties**

1. AMS admits the allegations contained in paragraph 1 of SNC's Complaint.

2. AMS admits the allegations contained in paragraph 2 of SNC's Complaint.

**Jurisdiction and Venue**

3. AMS denies the allegations contained in paragraph 3 of SNC's Complaint, except admits that AMS personnel visited Utah.

4. Paragraph 4 of SNC's Complaint purports to state a legal conclusion as to which no response is required. To the extent a response is nonetheless required, AMS denies the allegations contained in paragraph 4 of SNC's Complaint.

5. Paragraph 5 of SNC's Complaint purports to state a legal conclusion as to which no response is required. To the extent a response is nonetheless required, AMS denies the allegations contained in paragraph 5 of SNC's Complaint.

**General Allegations**

6. AMS lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 6 of SNC's Complaint and therefore denies the same.

7. AMS admits the allegations contained in paragraph 7 of SNC's Complaint.

8. AMS denies the allegations contained in paragraph 8 of SNC's Complaint, except admits that AMS and SNC entered into a License and Manufacturing Agreement and that such License and Manufacturing Agreement speaks for itself.

9. AMS denies the allegations contained in paragraph 9 of SNC's Complaint.

10. AMS denies the allegations contained in paragraph 10 of SNC's Complaint.

11. AMS denies the allegations contained in paragraph 11 of SNC's Complaint.

12. AMS denies the allegations contained in paragraph 12 of SNC's Complaint except admits that SNC submitted invoices to AMS.

13. AMS denies that it owes SNC any money and denies the remaining allegations contained in paragraph 13 of SNC's Complaint.

14. AMS denies that it owes SNC any money and denies the remaining allegations contained in paragraph 14 of SNC's Complaint.

## First Cause of Action
### (Breach of Contract)

15. AMS incorporates the foregoing responses herein by this reference.

16. AMS denies the allegations contained in paragraph 16 of SNC's Complaint, except admits that AMS and SNC entered into a License and Manufacturing Agreement and that such License and Manufacturing Agreement speaks for itself.

17. AMS denies the allegations contained in paragraph 17 of SNC's Complaint.

18. AMS denies the allegations contained in paragraph 18 of SNC's Complaint.

19. AMS denies the allegations contained in paragraph 19 of SNC's Complaint.

## Second Cause of Action
### (Account Stated)

20. AMS incorporates the foregoing responses herein by this reference.

21. AMS denies the allegations contained in paragraph 21 of SNC's Complaint.

22. AMS denies the allegations contained in paragraph 22 of SNC's Complaint.

23. AMS denies the allegations contained in paragraph 23 of SNC's Complaint.

## Third Cause of Action
### (Open Account)

24. AMS incorporates the foregoing responses herein by this reference.

25. AMS denies the allegations contained in paragraph 25 of SNC's Complaint.

26. AMS denies the allegations contained in paragraph 26 of SNC's Complaint.

## Fourth Cause of Action
## (Unjust Enrichment)

27. AMS incorporates the foregoing responses herein by this reference.

28. AMS denies the allegations contained in paragraph 28 of SNC's Complaint, except admits that SNC provided services.

29. AMS denies the allegations contained in paragraph 29 of SNC's Complaint, except admits that SNC provided services.

30. AMS denies the allegations contained in paragraph 30 of SNC's Complaint.

31. AMS denies the allegations contained in paragraph 31 of SNC's Complaint.

## Fifth Cause of Action
## (Declaratory Relief)

32. AMS incorporates the foregoing responses herein by this reference.

33. AMS admits the allegations contained in paragraph 33 of SNC's Complaint.

34. AMS denies the allegations contained in paragraph 34 of SNC's Complaint, except admits that SNC breached its obligations to AMS under the parties' License and Manufacturing Agreement.

35. AMS denies the allegations contained in paragraph 35 of SNC's Complaint, except admits that SNC seeks declaratory relief.

## THIRD DEFENSE

AMS denies each and every allegation contained in SNC's Complaint that is not specifically admitted herein.

## FOURTH DEFENSE

SNC has failed to mitigate its damages, if any, as required by law in that SNC claims to

have continued working on AFIRS 228 despite AMS' alleged non-payment.

## FIFTH DEFENSE

SNC's claims are barred by its own breaches of the parties' License and Manufacturing Agreement.

## SIXTH DEFENSE

SNC's claims may be barred in whole or in part by the doctrines of estoppel and waiver inasmuch as SNC claims to have continued working on AFIRS 228 despite AMS' alleged non-payment.

## SEVENTH DEFENSE

SNC's claims may be barred in whole or in part by the doctrine of laches inasmuch as SNC claims to have continued working on AFIRS 228 despite AMS' alleged non-payment.

## EIGHTH DEFENSE

SNC's claims may be barred in whole or in part by the doctrines of failure of consideration and payment inasmuch as SNC's work on AFIRS 228 added no value thereto and AMS nonetheless paid SNC for a portion of its work.

## NINTH DEFENSE

SNC's claims may be barred in whole or in part by the applicable statutes of limitation and/or statutes of repose.

## TENTH DEFENSE

SNC's claims are barred by the existence of legal claims.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered SNC's Complaint, AMS prays as follows:

1. That SNC's Complaint be dismissed with prejudice and on the merits;

2. That AMS be awarded judgment against SNC in the amount of all costs, expenses and attorney fees incurred by AMS herein; and

3. That the Court grant such other and further relief to AMS as the Court deems just and proper.

## COUNTERCLAIM

AMS hereby counterclaims against SNC and alleges as follows:

### Parties, Jurisdiction &Venue

1. AMS is a Canadian corporation with its head office located in Calgary, Alberta.

2. SNC is a Nevada corporation with its head office located in Sparks, Nevada.

3. The above-named court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and the amount in controversy exceeds $75,000.

4. Venue is proper in the above-named court pursuant to 28 U.S.C. § 1391.

### First Claim for Relief
### (Breach of Contract)

5. AMS incorporates the foregoing allegations herein by this reference.

6. In or about December 2008, AMS and SNC entered into a License and Manufacturing Agreement pursuant to which AMS and SNC agreed to jointly develop an Automated Flight Information Reporting System known as AFIRS 228.

7. Also pursuant to the License and Manufacturing Agreement SNC agreed to manufacture and deliver AFIRS 228 units to AMS at a target price of $10,000 per unit.

8. AMS paid $969,108.28 to SNC pursuant to the License and Manufacturing Agreement and otherwise fully performed all of its obligations to SNC in accordance with the

License and Manufacturing Agreement.

9. SNC breached the License and Manufacturing Agreement by, among other things, failing to complete the development of AFIRS 228, producing defective and inadequate work-product, and failing to manufacture or deliver to AMS any AFIRS 228 units.

10. AMS has been damaged as a result of SNC's breaches of the License and Manufacturing Agreement in an amount to be proven at trial, but which is not less than $1,000,000.

## Second Claim for Relief
### (Unjust Enrichment)

In the event that the finder of fact determines that the License and Manufacturing Agreement is not enforceable, AMS pleads in the alternative as follows:

11. AMS incorporates the foregoing allegations herein by this reference.

12. AMS provided valuable benefits to SNC by, among other things, paying $969,108.28 to SNC.

13. AMS provided benefits to SNC with the expectation that SNC would participate in developing, manufacture and deliver AFIRS 228 units.

14. SNC received and accepted benefits from AMS with the expectation that it would have to participate in the development, manufacture and delivery of AFIRS 228 units.

15. SNC refused, failed and neglected to participate in either developing AFIRS 228 or in manufacturing AFIRS 228 units.

16. SNC's retention of the benefits provided by AMS without compensating AMS therefor would be unjust and inequitable.

17. AMS is entitled to judgment against SNC in the amount by which SNC has been

unjustly enriched by AMS, such amount to be proven at trial.

## Third Claim for Relief
### (Declaratory Judgment)

18. AMS incorporates the foregoing allegations herein by this reference.

19. AMS is entitled to a decree and declaration to the effect that SNC breached the License and Manufacturing Agreement and that, as a result, AMS is excused from rendering any further performance thereunder.

20. AMS is further entitled to a decree and declaration to the effect that AMS owns absolutely all right, title and interest in and to AFIRS 228 and that SNC has no right, title or interest in or to AFIRS 228 or any component thereof.

21. AMS is further entitled to a decree and declaration to the effect that SNC is obliged to arbitrate any and all disputes with AMS pursuant to the parties' License and Manufacturing Agreement.

## Fourth Claim for Relief
### (Injunction)

22. AMS incorporates the foregoing allegations herein by this reference.

23. In connection with the License and Manufacturing Agreement, AMS made its computer code, intellectual property, equipment and information available to SNC.

24. SNC has no right, title or interest in or to any computer code, intellectual property, equipment or information provided by AMS in connection with the License and Manufacturing Agreement.

25. AMS is entitled to an injunction requiring SNC to return all computer code, intellectual property, equipment and information provided by AMS in connection with the

License and Manufacturing Agreement.

WHEREFORE, AMS prays for judgment against SNC as follows:

1. Under AMS' First Claim for Relief, for an award of damages in an amount to be proven at trial, but which is not less than $1,000,000;

2. Under AMS' Second Claim for Relief, for an award of damages in an amount to be proven at trial;

3. Under AMS' Third Claim for Relief, for a decree and declaration to the effect that (a) SNC breached the License and Manufacturing Agreement and that, as a result, AMS is excused from rendering any further performance thereunder; (b) SNC has no right, title or interest in or to AFIRS 228 or any component thereof; and (c) SNC is obliged to arbitrate any and all disputes with AMS pursuant to the parties' License and Manufacturing Agreement;

4. Under AMS' Fourth Claim for Relief, for an injunction requiring SNC to return all computer code, intellectual property, equipment and information provided by AMS in connection with the License and Manufacturing Agreement;

5. Under all claims for relief, for pre-judgment and post-judgment interest and an award of costs and attorney's fees; and

6. For such other and further relief as the Court deems just and proper.

DATED this 8th day of June, 2012.

PARR BROWN GEE & LOVELESS, P.C.

By: /s/ Stephen E. W. Hale
Stephen E. W. Hale
Matthew J. Ball
*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of June, 2012, I caused a true and correct copy of the foregoing **ANSWER & COUNTERCLAIM** to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

J. Andrew Sjoblom
Steven M. Lau
Holland & Hart LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
jasjoblom@hollandhart.com

/s/ *Stephen E. W. Hale*