J. Andrew Sjoblom, #10860
Steven M. Lau, #13788
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT  84101
Telephone:  801-799-5800
Fax:  801-799-5700

*Attorneys for Plaintiff Sierra Nevada Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SIERRA NEVADA CORPORATION, <br><br> Plaintiff, <br><br> vs. <br><br> AEROMECHANICAL SERVICES, LTD., <br><br> Defendant. | **ANSWER TO COUNTERCLAIM** <br><br> Case No. 2:11cv01092 <br><br> Judge Dee Benson |
| AEROMECHANICAL SERVICES, LTD., <br><br> Counterclaimant, <br><br> vs. <br><br> SIERRA NEVADA CORPORATION, <br><br> Counterclaim-Defendant. | |

Plaintiff and counterclaim-defendant Sierra Nevada Corporation ("SNC"), by and

through its counsel, Holland & Hart LLP, hereby answers the Counterclaim of defendant and

counterclaimant AeroMechanical Services, Ltd. ("AMS") as follows:

**Parties, Jurisdiction & Venue**

1.      SNC admits that AMS is a Canadian corporation with its head office located in Calgary, Canada.

2.      SNC admits that it is a Nevada corporation with its head office located in Sparks, Nevada.

3.      SNC admits the allegations contained in paragraph 3 of AMS's Counterclaim.

4.      SNC admits the allegations contained in paragraph 4 of AMS's Counterclaim.

**First Claim for Relief**
**(Breach of Contract)**

5.      SNC incorporates the foregoing responses to AMS's allegations by reference as if fully set forth herein.

6.      SNC admits that it entered into a License and Manufacturing Agreement (the "LMA") with AMS on or about December 29, 2008, the terms of which speak for themselves and not otherwise.  Except as expressly admitted, SNC denies each and every remaining allegation in paragraph 6 of AMS's Counterclaim.

7.      SNC admits that the terms of the LMA speak for themselves and not otherwise. Except as expressly admitted, SNC denies the allegations of paragraph 7 of AMS's Counterclaim.

8.      SNC admits that AMS paid SNC $969,108.28.  Except as expressly admitted, SNC denies each and every remaining allegation in paragraph 8 of AMS's Counterclaim.

9.      SNC denies the allegations of paragraph 9 of AMS's Counterclaim.

10.      SNC denies the allegations of paragraph 10 of AMS's Counterclaim.

## Second Claim for Relief
### (Unjust Enrichment)

11.     SNC incorporates the foregoing responses to AMS's allegations by reference as if fully set forth herein.

12.     SNC admits that AMS paid SNC $969,108.28.  Except as expressly admitted, SNC denies each and every remaining allegation in paragraph 12 of AMS's Counterclaim.

13.     SNC denies the allegations of paragraph 13 of AMS's Counterclaim.

14.     SNC denies the allegations of paragraph 14 of AMS's Counterclaim.

15.     SNC denies the allegations of paragraph 15 of AMS's Counterclaim.

16.     SNC denies the allegations of paragraph 16 of AMS's Counterclaim.

17.     SNC denies the allegations of paragraph 17 of AMS's Counterclaim.

## Third Claim for Relief
### (Declaratory Judgment)

18.     SNC incorporates the foregoing responses to AMS's allegations by reference as if fully set forth herein.

19.     SNC denies the allegations of paragraph 19 of AMS's Counterclaim.

20.     SNC denies the allegations of paragraph 20 of AMS's Counterclaim.

21.     SNC denies the allegations of paragraph 21 of AMS's Counterclaim.

## Fourth Claim for Relief
### (Injunction)

22.     SNC incorporates the foregoing responses to AMS's allegations by reference as if fully set forth herein.

23.     SNC admits that AMS made certain computer code and other information available to SNC under the terms of the LMA and the Source Code Agreement attached as

Exhibit A to the LMA. SNC affirmatively alleges that the terms of the LMA and the Source

Code Agreement govern the definitions and treatment of source code and confidential

information, among other things, the terms of which speak for themselves and not otherwise.

Except as expressly admitted, SNC denies each and every remaining allegation of paragraph 23

of AMS's Counterclaim.

       24.     SNC affirmatively alleges that the terms of the LMA and the Source Code

Agreement govern the definitions and treatment of source code and confidential information,

among other things, the terms of which speak for themselves and not otherwise. On that basis,

SNC denies each and every allegation of paragraph 24 of AMS's Counterclaim.

       25.     SNC denies the allegations of paragraph 25 of AMS's Counterclaim.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

AMS's Counterclaim fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Prior Breach)

AMS's claims are barred by its own breaches of the parties' agreements.

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

AMS's claims are barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

AMS's claims are barred by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

AMS has waived any right to the relief sought in its Counterclaim.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

AMS has failed to mitigate its damages.

## SEVENTH AFFIRMATIVE DEFENSE
### (Offset)

The relief AMS seeks in its Counterclaim is barred, in whole or in part, by reason of the doctrine of offset or set-off.

## EIGHTH AFFIRMATIVE DEFENSE
### (Acceptance of Benefits)

AMS's claims are barred by the doctrines of ratification, acquiescence, and/or acceptance of contract benefits.

## NINTH AFFIRMATIVE DEFENSE
### (Laches)

AMS's claims are barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

AMS's claims may be barred, in whole or in part, by the applicable statute(s) of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Additional Affirmative Defenses)

SNC alleges that facts may come to light supporting additional affirmative defenses, and SNC reserves the right to raise such other affirmative defenses, including, but not limited to, any matter considered an affirmative defense under Fed. R. Civ. P. 8(c).

## PRAYER FOR RELIEF

WHEREFORE, SNC hereby claims for relief as follows:

1.      That AMS's claims be dismissed with prejudice and on the merits and that AMS take nothing thereby;

2.      That SNC be awarded its setoff damages, interest, costs, expenses and fees, including attorneys' fees; and

3.      That the Court grant such other and further relief as the Court deems just and proper.


Dated:  July 16, 2012.


Respectfully submitted,

HOLLAND & HART LLP


/s/ J. Andrew Sjoblom
J. Andrew Sjoblom
Steven M. Lau
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101

*Attorneys for Plaintiff Sierra Nevada Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of July, 2012, I caused a true and correct copy of the

foregoing to be served in the following manner upon the addressee(s) listed below:

| | | |
|---|---|---|
| ☐ | U.S. Mail, postage prepaid | Stephen E.W. Hale |
| ☐ | Hand Delivery | Clemens A. Landau |
| ☐ | Facsimile | Parr Brown Gee & Loveless |
| ☐ | Overnight courier | 185 S. State St., Ste. 800 |
| ☒ | E-mail and/or CM/ECF | Salt Lake City, UT  84111 |

/s/  Tish Howell

5676666_1.DOCX